# KING & SPALDING

Craig Carpenito
Direct Dial: (212) 556-2142
CCarpenito@kslaw.com

June 6, 2024

Hon. Brian Martinotti, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom PO 01
Newark, NJ 07101

Re:     *Martis v. Michery et al.*, **24-cv-02908-BRM-AME**

Dear Judge Martinotti:

    We represent Nominal Defendant Mullen Automotive Inc. ("Mullen") in this action. Pursuant to your Judicial Preferences, we submit this letter to request a pre-motion conference on Mullen's proposed motion to dismiss.

    Mullen is an electric vehicle company headquartered in California and incorporated in Delaware.  Plaintiff, an alleged Mullen shareholder, has filed a shareholder derivative action. Other defendants are members of Mullen's current Board of Directors; members of the board of directors of Mullen's predecessor, Net Element Inc. ("Net Element"); and two entities allegedly involved in a divestiture transaction with Net Element, RBL Capital Group LLC ("RBL Capital") and Argus Merchant Services LLC ("Argus").

    The Shareholder Derivative Complaint (the "Complaint") asserts three causes of action under various provisions of the Securities Exchange Act of 1934 (the "Exchange Act") and one cause of action for breach of fiduciary duty.  Mullen is named as the sole defendant in the Complaint's fourth cause of action, styled as a claim under Section 29(b) of the Exchange Act to rescind a divestiture agreement between Net Element and RBL Capital, which was allegedly assigned to Argus.  Mullen seeks to dismiss for improper venue and failure to state a claim.

## I.     Venue is Not Proper in the District of New Jersey.

    The Complaint alleges that venue is proper in the District of New Jersey under 28 U.S.C. § 1391[1] "because the Section 29 Defendants maintain principal executive offices in this District and/or the adjoining district and many of the acts charged herein, occurred in substantial part in this District."  ¶ 5.  As relevant here, Section 1391(b) provides that a civil action may be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b).

    Venue in the District of New Jersey is not proper under either provision of Section 1391(b). *First*, Plaintiff's claim that the "Section 29 Defendants maintain principal executive offices" in

---

[1]  Specifically, the Complaint references 28 U.S.C. § 1391(a) as the statute supporting venue; however, this subsection only addresses the general applicability of Section 1391, and does not address the specific venue claim alleged therein.

New Jersey is contradicted by other allegations in the Complaint.  The only defendant named in the Section 29 claim is Mullen (*see* Dkt. 1 at pg. 33), and Plaintiff alleges that Mullen is headquartered in California and incorporated in Delaware.  ¶ 8.  Plaintiff's allegations therefore defeat the assertion that venue for the Section 29(b) claim is proper in the District of New Jersey under Section 1391(b)(1).  *See, e.g.*, *J.B.S. Cranes & Accessories, Inc. v. All-Cal Equip. Servs., Inc.*, 2020 WL 33117, at *4 (W.D. Pa. Jan. 2, 2020) (granting a motion to dismiss for improper venue because the defendant was a California corporation and did not reside in the district).

The Complaint also fails to allege facts that would allow the Court to conclude that Mullen resides in New Jersey pursuant to Section 1391(c)(2), which provides that a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  There are no allegations in the Complaint that would establish specific or general jurisdiction over Mullen in New Jersey.  *See, e.g.*, *Corp. Trade, Inc. v. Golf Channel*, 2012 WL 13034166, at *2-4 (D.N.J. Oct. 11, 2012) (dismissing a complaint under Rule 12(b)(3) because the corporate defendant was not incorporated or headquartered in New Jersey, there "was no indication" in the pleading that the defendant purposefully directed its activities at New Jersey, and the complaint did not "allege any causal link between" the plaintiff's claim and the defendants activities in New Jersey).

*Second*, venue is not proper in the District of New Jersey under Section 1391(b)(2) because the Complaint does not allege that the "events or omissions giving rise" to the Plaintiff's claims occurred substantially in New Jersey.  *See Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).  Contrary to Plaintiff's assertion that "many of the acts charged" in the Complaint "occurred in substantial part" in New Jersey (¶ 5), none of the acts alleged to violate the Exchange Act or the individual defendants' fiduciary duties occurred in New Jersey.  Instead, the underlying acts allegedly occurred primarily in California, where Mullen is headquartered and issued allegedly false statements. ¶¶ 30-83. And any allegedly false statement by Net Element would have been issued in Florida, where Net Element was headquartered. The allegations of the Complaint thereby demonstrate that venue is improper in this District.  *See, e.g.*, *Wisehart v. Wisehart*, 2015 WL 9480018, at *5 (D.N.J. Dec. 29, 2015) (granting a motion to dismiss for improper venue where "none of the claims contained in the Complaint [were] alleged to have occurred in New Jersey").[2]

## II.      The Complaint Fails to Sufficiently Plead a Section 29(b) Claim.

The fourth cause of action in the Complaint purports to allege a claim "against Mullen to rescind the Divestiture Contract under Section 29(b) of the Exchange Act."  *See* Dkt. 1 at pg. 33. Section 29(b) provides that a "contract made in violation of" the Exchange Act or "the performance of which involves the violation of" the Act is "void."  15 U.S.C. § 78cc(b).  The statute is a "vehicle through which private parties may rescind contracts that were made or performed in violation of" of federal securities laws. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 205 (3d Cir. 2006). To void an agreement under Section 29(b), the Plaintiff must allege that (1) "the contract involved a prohibited transaction"; (2) Mullen "is in contractual privity" with the opposing party, and

---

[2] The only defendant alleged to have any connection to New Jersey is RBL Capital.  ¶ 16.  But RBL Capital is not named as a defendant with respect to any claim in the Complaint and therefore venue cannot lie in New Jersey based on allegations about RBL's residence.  *See, e.g.*, *Czechhorski v. Exec. Telecard, Ltd.*, 1995 WL 549946, at *3 (N.D. Ill. Sept. 8, 1995) (holding that even if venue was proper to one defendant, the complaint did not assert a claim against that defendant, and venue could not lie against a second defendant who lacked sufficient contact with Illinois).

(3) Mullen "is in the class of persons that the securities acts were designed to protect." *Berckeley*, 455 F.3d at 205.  The Complaint fails to allege facts satisfying the first two of these elements.

With respect to the first element, the Third Circuit has taken a "narrow view of the phrases 'made in violation of' and 'the performance of which involves the violation of' contained in Section 29(b)." *Id.* at 206.  "The test … is whether the securities violations are inseparable from the underlying agreement between the parties." *Id.*  Put differently, a contract is subject to recission under Section 29(b) only where it could not be performed "without violating the securities laws." *Id.*  The Complaint does not specify which federal securities laws were violated by the making or performance of the Divestiture Contract (*see* ¶¶ 136-140),[3] but even assuming there were violations of any of the Exchange Act provisions cited in the Complaint, there is no basis for recission of the contract.  The Divestiture Contract was made between Mullen's successor, Net Element, and RBL Capital.  Plaintiff's theory appears to be that proxy solicitation materials issued by Net Element failed to make certain disclosures regarding the Divestiture Contract (*see* ¶¶ 84-96), but those alleged Exchange Act violations are not "inseparable" from the contract.  Plaintiff does not allege that Divestiture Contract <u>required</u> the issuance of a misleading proxy solicitation.  *See Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 81-82 (S.D.N.Y. 2020) (citing *Berckeley* and dismissing a Section 29(b) claim).  And there is "no reason to believe" that the agreement "could not be legally performed" had the allegedly required disclosures occurred in the proxy materials—"a fact which is fatal" to the Section 29(b) claim.  *Frati v. Saltzstein*, 2011 WL 1002417, at *6 (S.D.N.Y. Mar. 14, 2011).

Regarding the second element of privity between the Section 29(b) plaintiff and the opposing party, the Complaint's sloppy pleading defeats the claim.  As drafted, Plaintiff, standing in the shoes of Mullen, has alleged a Section 29(b) claim by Mullen against itself.  *See* Fourth Cause of Action, Dkt. 1 at pg. 33.  To state the obvious, Mullen cannot rescind a contract under Section 29(b) by suing itself because the required element of privity with the opposing party is absent when the plaintiff and defendant are one and the same.

*Second*, the Section 29(b) claim is time-barred.  A suit for recission under Section 29(b) must be filed "within one year of … discovery of the facts underlying" the claim.  *Gatto v. Meridian Med. Assocs., Inc.*, 882 F.2d 840, 844 (3d Cir. 1989).  The information allegedly concealed from shareholders—*i.e.*, the alleged omissions underlying the Exchange Act claims— was disclosed more than one year before filing of the Complaint on March 14, 2024, through disclosures made by Mullen in 2021 and by related securities suits filed in California.  *See* ¶¶ 103, 116, 126-27.  The claim is thus time-barred.  *See Spier v. Erber*, 1992 WL 230254, at *13 (S.D.N.Y. Sept. 1, 1992) (dismissing a Section 29(b) claim as time-barred where the complaint demonstrated that plaintiffs discovered the alleged fraud more than one year before they filed suit).

Respectfully submitted,

Craig Carpenito

---

[3] Paragraphs 139 to 140 of the Complaint appear to seek recission of unspecified "employment agreements and other contracts" involving unidentified individual defendants.  Mullen's motion will address why recission of these agreements is not proper under Section 29(b).  *See, e.g.*, *Drulias v. Guthrie*, 2019 WL 13240415, at *8 (C.D. Cal. Oct. 23, 2019) (dismissing a Section 29(b) claim as to employment contracts); *Pompano-Windy City Partners, Ltd. v. Bear Stearns & Co.*, 794 F. Supp. 1265, 1288 (S.D.N.Y. 1992) (dismissing Section 29(b) claims where the complaint did not plead "what terms and provisions of the contracts violated the securities laws").